1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PHILADELPHIA INDEMNITY
INSURANCE COMPANY,

                          Plaintiff,

        v.

MENTOR HOUSE et al,

                          Defendant.

CASE NO. 3:22-cv-05041-DGE

ORDER ON PLAINTIFF'S
MOTION FOR LEAVE TO AMEND
COMPLAINT

        This matter comes before the Court on Plaintiff's motion to amend its complaint to add

additional parties and to correct the caption in this case to reflect Defendant's current name,

"Mentor House", rather than its former one, "Gateways for Youth & Families."   (Dkt. No. 19.)

## I.        FACTUAL AND PROCEDURAL BACKGROUND

        This case stems from several lawsuits filed by individuals alleging that they were

sexually assaulted by residents and/or employees of the non-profit organization Mentor House,

formerly known as Gateways for Youth & Families.  (Dkt. No. 1.)

On January 20, 2022, Plaintiff, a Pennsylvania based insurance company that issued a policy to Mentor House, filed an interpleader complaint in this Court, seeking a declaration that the aggregate limit of its liability under the applicable insurance policy is $3,000,000.00, of which it has already paid $212,500.00.  (*Id*.)

On March 24, 2022, Plaintiff filed a motion to amend its complaint to include 19 additional defendants and to alter the case caption as described above.  (Dkt. No. 19.)  On April 4, 2022, Defendant responded, raising no objection to altering the case caption, but arguing that only 4 of the 19 additional defendants were abused at the group home when it was operated by Children's Industrial Home, the business entity that eventually become Mentor House.  (Dkt. No. 20.)

On April 7, 2022, Plaintiff replied, conceding that its amended complaint should include only the four parties identified by Defendant, and agreeing to strike those paragraphs in its proposed complaint naming other parties.  (Dkt. No. 21.)  Plaintiff asks for leave to file a first amended interpleader complaint incorporating these changes and substituting Gateways for Youth & Families for Mentor House as the named party in this action.  (*Id*. at 7–15.)

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a), after an initial 21 day period for amendment as of right, pleadings may be amended only with the opposing party's written consent or by leave of the court.  Fed. R. Civ. P. 15(a)(2).

"Courts are free to grant a party leave to amend whenever 'justice so requires,' Fed. R. Civ. P. 15(a)(2), and request for leave should be granted with 'extreme liberty.'"  *Moss v. U.S. Secret Service*, 572 F.3d 962, 972 (9th Cir. 2009) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).

### III.    DISCUSSION AND ORDER

This case is in its early stages.  Plaintiff has addressed Defendant's concerns regarding its proposed complaint, and neither prejudice nor undue delay would result from granting Plaintiff leave to amend.

Accordingly, Plaintiff's motion for leave to amend its complaint (Dkt. No. 19.) is GRANTED.  Plaintiff shall file its amended complaint no later than May 6, 2022.

With respect to Defendant, the Clerk shall correct the caption to identify Defendant as follows: "Mentor House, *a Washington non-profit corporation formerly known as* Gateways for Youth & Families".

Dated this 22nd day of April, 2022.

David G. Estudillo
United States District Judge